# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | GEORGE W. LINDBERG | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 4224 | **DATE** | August 4, 2008 |
| **CASE TITLE** | Victor Johnson (#2005-0005839), et al. v. Sheriff Tom Dart, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff Victor Johnson's motion for leave to proceed *in forma pauperis* [#3] is granted. The court authorizes and orders Cook County Jail officials to deduct $20.17 from the plaintiff's account, and to continue making monthly deductions in accordance with this order. The clerk shall send a copy of this order to Elizabeth Hudson, Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Illinois 60608. However, summonses shall not issue at this time. The complaint on file is dismissed without prejudice. The plaintiff is granted thirty days to submit an amended complaint (plus a judge's copy and service copies). The clerk is directed to provide Mr. Johnson with an amended civil rights complaint form and instructions, and inmates Steve Green and Archie Brown with i.f.p. applications. Failure to submit an amended complaint within thirty days of the date of this order will result in summary dismissal of this case in its entirety [or as to any non-compliant co-plaintiff].

■ [**For further details see text below.**]      Docketing to mail notices.

## STATEMENT

    The plaintiffs, three inmates in the custody of the Cook County Department of Corrections, have brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiffs claim that the defendants, jail officials, have violated the plaintiffs' constitutional rights by subjecting them to degrading strip searches and by acting with deliberate indifference to rampant homosexual assaults among detainees.

    Plaintiff Victor Johnson's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $20.17. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from the plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the trust fund officer at the plaintiff's place of confinement is directed to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th

**(CONTINUED)**      mjm

**STATEMENT (continued)**

Floor, and shall clearly identify the plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event the plaintiff is transferred from the jail to another correctional facility.

However, the plaintiff(s) must submit an amended complaint, as the document on file is unacceptable. First, although the complaint lists three co-plaintiffs, the statement of facts is written entirely in first person singular, and only Victor Johnson has signed the pleading. Furthermore, only Mr. Johnson has filed an application for leave to proceed *in forma pauperis*. The court questions whether inmates Green and Brown intended to be parties to this lawsuit.

It should be noted that the practical problems of joint prisoner lawsuits make co-litigation undesirable. There is no financial advantage to pursuing a joint action: each plaintiff is responsible for paying the full filing fee of $350 irrespective of whether they file suit jointly or separately. *See Boriboune v. Berge*, 391 F.3d 852, 854-55 (7th Cir. 2004). Nevertheless, Green and Brown will be given the opportunity to proceed as co-plaintiffs if they (1) file an i.f.p. application and (2) sign the amended complaint. Green and Brown will not be considered co-plaintiffs if they do not comply with this order.

In drafting the amended complaint, the plaintiff(s) should carefully and completely fill out the court's amended complaint form. Although Mr. Johnson wrote "N/A" in the section inquiring about previous case history, a review of the U.S. Party/Case Index indicates that all three inmates have brought prior prisoner civil actions. "Fraud" on the court must "lead to immediate termination of the suit." *Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999).

In sum, if after considering the provisions of the Prison Litigation Reform Act, if purported co-plaintiffs Green and Brown wish to proceed with this suit, they must each, within thirty days of the date of this order: (1) **either** file an *in forma pauperis* application on the enclosed form with the information required by § 1915(a)(2) **or** pay the full $350 filing fee; and (2) sign the amended complaint. If Mr. Johnson wishes to proceed with this lawsuit, he must submit an amended complaint setting forth only his own, personal claims. The plaintiff is responsible for ensuring that all blanks for information on the amended complaint form are filled out accurately and completely.

As with every document filed with the court, the plaintiff(s) must provide both the original and a judge's copy; he must also include a sufficient number of carbon copies or photocopies of the amended complaint for service on each named defendant. If the plaintiff fails to comply with the above directives within thirty days, the court will dismiss the case without prejudice on the understanding that plaintiff does not wish to pursue this lawsuit [or, in the alternative, as to any inmate who fails to comply with this order]. The clerk will provide the plaintiffs with *in forma pauperis* applications and an amended complaint form and instructions along with a copy of this order.